O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SACV 03-0028 DOC(ANx)                                    Date: October 15, 2008

Title:  UNITED STATES OF AMERICA AND STATE OF CALIFORNIA, ET AL V. JOHNSON
        CONTROLS, INC., ET AL

DOCKET ENTRY
        [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their
respective most recent address of record in this action on this date.]
                                                    Date:_____  Deputy Clerk: _____

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

        Kristee Hopkins                              Not Present
        Courtroom Clerk                              Court Reporter

    ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

        NONE PRESENT                                 NONE PRESENT

PROCEEDING (IN CHAMBERS): DENYING NON-PARTIES' MOTION FOR A PROTECTIVE
                            ORDER

        Before the Court is the Motion of Non-Parties Zbigniew Cabaj, Seth Schreiner,
Cana Aeschbacher, Walter Houle, Piotr Trusewicz and Jason McGhee ("Movants") for a Protective
Order (the "Protective Order").  The Court finds the matter appropriate for decision without oral
argument.  Fed. R. Civ. P. 78; Local R. 7-15.  After considering the moving, opposing, and replying
papers, the Court hereby DENIES Movants' Motion.

## I. BACKGROUND

        Defendant Johnson Controls, Inc. ("JCI") is a Wisconsin corporation that
manufactures systems designed to control the environment in a large building or complex of buildings.
JCI has installed building control systems in federal and state facilities including the Long Beach
Veterans Administration Hospital and the University of California, Riverside ("UCR").  Once a JCI

building control system has been installed, it is very difficult and expensive to install another manufacturer's building control system. Compl. ¶ 18. The Complaint alleges that, despite this difficulty and expense, several JCI customers threatened to convert to other manufacturers' building control systems due to poor service and pricing practices. *Id.* ¶ 20. As a result of these complaints, JCI in 1995 began contracting with independent distributors known as Authorized Building Control Specialists ("ABCS's") in order to expand the distribution of its building control systems and provide its customers with more options. *Id.* ¶¶ 21-22.

George Yardley Co., an ABCS for JCI's building control systems, and its affiliate Yardley-Zaretsky, Inc. (collectively the "Yardley Companies") install complex airflow and pressure control systems. Relators Roman Zaretsky and Robert Yardley, officers of the Yardley Companies, brought this suit alleging that Defendants are operating a bid-rigging scheme and pressuring ABCS's to refrain from bidding on certain jobs by threatening the termination of their ABCS distributorships. *Id.* ¶ 15. Relators allege that, as a result of the bid-rigging scheme and the difficulty of removing a JCI building control system once it has been installed, "Defendants have been awarded numerous jobs by the Government at prices far in excess of the prices that would have resulted from competitive bidding." *Id.* ¶¶ 15, 18. As one example, Relators claim that Defendant Richard Beddie contacted Relator Roman Zaretsky and "demanded that the Yardley Companies refrain from bidding [on a job at UCR] or face retaliation." *Id.* ¶ 31. More generally, Relators allege that "other [ABCS's] have refrained from bidding Government jobs due to the threats of [JCI]," and that through this scheme "Defendants have made false or fraudulent claims to the Government." *Id.* ¶¶ 15, 37. Relators claim that Defendants terminated their distributorship agreement on June 15, 2002 in furtherance of this scheme. *Id.* ¶¶ 38-39.

The Yardley Companies first filed suit on August 9, 2002 in Orange County Superior Court against JCI alleging breach of contract, unfair competition, violations of the Sherman Act, and other related claims in connection with the job at UCR. *See* Defs.' Mot. for Summ. J. (Nov. 5, 2003) Ex. A ("State Ct. Compl."). JCI removed the case to federal court and Relators subsequently dismissed it when the case went to arbitration. The arbitration panel found in the Yardley Companies' favor on the antitrust claims but rejected their unlawful termination claim. *See* App. of Evidence in Supp. of Defs.' Mot. for Partial Summ. J. (June 5, 2007) Ex. A. Specifically, the panel found that "JCI instructed [the Yardley Companies] not to bid on certain projects and thus in some instances prevented [the Yardley Companies] from bidding on certain projects." Decl. of Marc J. Schneider Ex. Q at 1.

Relators filed this *qui tam* action on behalf of the United States and the State of California (collectively the "Government") in camera and under seal on November 27, 2002, alleging violations of the Federal False Claims Act ("FCA") and the California False Claims Act. Movants now request a protective order from this Court against Plaintiffs United States of America and State of California *ex rel.* Roman Zaretsky and Robert Yardley ("Plaintiffs") and all other parties to this action from taking any deposition of Movants, demanding any documents from Movants, and issuing any subpoenas to Movants.

## II. LEGAL STANDARD

In order to request discovery, a party must demonstrate that the discovery sought comports with Federal Rule of Civil Procedure 26.  Under Federal Rule of Civil Procedure 26(b)(1), parties may generally obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense...."  Further, "[t]he deposition-discovery rules are to be accorded a broad and liberal treatment.  No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case.  Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation."  *Hickman v. Taylor*, 329 U.S. 495, 506-507 (1947).

A party from whom discovery is sought may obtain a protective order when the Court finds that such an order is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  However, "[t]he party who resists discovery has the burden to show discovery should not be allowed."  *Sullivan v. Prudential Ins. Co. of America*, 233 F.R.D. 573 (C.D.Cal.,2005).  Further, a strong showing is required before a party may be denied the right to take a deposition.  *Blankenship v. Hearst Corp.*, 519 F.2d 418 (C.A.Cal. 1975).

## III. DISCUSSION

Movants request that the Protective Order be granted on the grounds that Movants' testimony would be "essentially the same deposition testimony given by Zbigniew Cabaj," who is the "most knowledgeable person" regarding the matters for which discovery is currently being sought.  Non-Parties' Mot. 1:15 - 1:16; 2:18 - 2:20.  Movants also argue that the Protective Order should issue because a former officer, director and shareholder of Electronic Control Systems ("ECS") – Mr. Tom Karpecki – has already been deposed by Plaintiffs and is not credible.

Plaintiffs have met their initial burden of proving that the discovery sought is relevant. The discovery at issue concerns the depositions of Movants, each of whom was either (1) present during regular weekly meetings at which Mr. Karpecki allegedly advised the group that ECS could not bid on certain jobs, (2) a member of the ECS sales team, having direct contact with clients regarding jobs and bidding, and/or (3) served on ECS' board and had knowledge of Zbigniew Cabaj's discussions with the board about this litigation.  Pls.' Opp. to Mot. 7:6 - 7:18; 1:9 - 1:16.

However, Movants have not demonstrated that they will be unduly burdened or oppressed by attending the deposition at issue.  Instead, as noted above, Movants simply note that Mr. Karpecki is not credible.  Further, Movants note that each Movant has submitted a declaration, thereby making their deposition unnecessary.  Finally, Movants argue that the depositions at issue are unnecessary because the requisite information has already been obtained through previous depositions of other persons.

None of these arguments rises to the level of demonstrating oppression or an undue burden, let alone embarrassment or undue expense.

## IV. OUTCOME

For the foregoing reasons, Movants' Motion for a Protective Order is DENIED.

The Clerk shall serve this minute order on all parties to the action.